UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHAPMAN ASSOCIATES GENERAL BUSINESS, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | 12-2302 |
| INTEGRATED FREIGHT CORPORATION, | ) ) ) ) | |
| Defendant. | ) ) | |

**PLAINTIFF'S MOTION FOR TURNOVER ORDER AGAINST THIRD PARTY**

Judgment creditor Chapman Associates General Business, Inc. hereby requests that this Court enter an Order directing Bank of America to turn over the funds held in the bank account held in the name of judgment debtor Integrated Freight Corporation ("IFCR") and that have been frozen pursuant to a Third Party Citation to Discover Assets directed to Bank of America. In support of its motion, Chapman states as follows:

1. On June 12, 2012, Chapman obtained a judgment against Integrated Freight Corporation in the amount of $835,907.91.

2. Thereafter, Chapman initiated supplementary proceedings by issuing citations to discover assets, including a citation to Bank of America, attached as Exhibit A.

3. On June 23, 2015, this Court entered judgment against Bank of America for the $10,828.48 it disclosed that it was holding in a bank account belonging to IFCR. Bank of America satisfied that judgment.

4. On July 14, 2015, Bank of America informed counsel for Chapman that it froze an additional $17,959.12 in the same account held by Integrated Freight. That money was deposited after Bank of America responded to the citation. Since the citation had not been dismissed, Bank of America correctly froze the account.

5. Undersigned counsel spoke directly to the CEO of Integrated Freight, David Fuselier. Mr. Fuselier consented to the entry of a turnover order for $17,959.12.

6. Pursuant to 735 ILCS 5/2-1402(c), Chapman is entitled to entry of an order entering judgment in favor of Chapman Associates General Business, Inc. and Against Bank of America for $17,959.12, and directing Bank of America to turn over $17,959.12 in partial satisfaction of the judgment against IFCR.

**WHEREFORE**, Chapman Associates General Business, Inc., respectfully requests that this Court enter a judgment against Bank of America and for the benefit of Chapman Associates General Business, Inc. in the amount of $17,959.12 and directing Bank of America to turn over that amount to counsel for Chapman.

Dated: July 16, 2015    Chapman Associates General Business, Inc.

By:/s/ Wesley E. Johnson

One of its attorneys

Wesley E. Johnson (6225257)
Goodman Tovrov Hardy & Johnson LLC
105 West Madison Street, Suite 1500
Chicago, IL 60602
(312) 752-4828
Fax: (312) 264-2535
wjohnson@goodtov.com

# CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that on July 16, 2015, I will serve a copy of the attached **Plaintiff's Motion for Turnover**, on all parties in the manner indicated below.

TO: Via Personal Delivery, email and Fax
 Bank of America
 105 W. Madison, Ste. 101
 Chicago, IL 60602
 Fax No. 617-310-2751
 Tyra.smalls@bankofamerica.com
 Reference No.: U060415000519

 Via US Mail and email
 Integrated Freight Corporation
 c/o Henry P. Hoffman
 8374 Market Street, #478
 Bradenton, FL 34202
 Email: c/o David Fuselier, David.Fuselier@fuselierco.com

By:/s/ Wesley E. Johnson

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHAPMAN ASSOCIATES GENERAL BUSINESS, INC., </br></br> Plaintiff, </br></br> vs. </br></br> INTEGRATED FREIGHT CORPORATION, </br></br> Defendants. | ) ) ) ) Case No. 12-2302 ) ) ) Hon. Robert M. Dow ) ) ) ) ) |

## AFFIDAVIT OF SERVICE

I, Bridget Marks, hereby certify that:

1. I am over 18 years of age and not a party to this case.

2. On June 4, 2015, at 4:00 p.m., I served the attached Citation to Discover Assets to a Third Party (the "*Citation*"), on Bank of America by personally handing a copy of the Citation to:

Aaron Gatewood — Financial Center Manager
Bank of America
105 W. Madison St., Ste. 101
Chicago, IL 60602

The undersigned, under penalties as provided for by law pursuant to 735 ILCS 5/1-109, certifies that the statements set forth herein to be true and correct.

Dated: June 4, 2015

Bridget Marks

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHAPMAN ASSOCIATES GENERAL BUSINESS, INC., | )<br>)<br>)<br>) |
| Plaintiff, | ) Case No.: 12-2302<br>) |
| v. | )<br>) |
| INTEGRATED FREIGHT CORPORATION, | ) Hon. Robert M. Dow<br>)<br>) |
| Defendant. | |

## CITATION NOTICE

Judgment Debtor's last known:
Name: Integrated Freight Corporation
Address: c/o Henry P. Hoffman
8374 Market Street, #478
Bradenton, FL 34202

A judgment in favor of Chapman Associates General Business, Inc. and against Integrated Freight Corporation was entered on June 5, 2012 in the amount of $835,907.91 and $804,271.35 remains unsatisfied.

Name and address of Attorney for Judgment Creditor or Judgment Creditor (if without an attorney): Wesley E. Johnson, Goodman Tovrov Hardy & Johnson LLC, 105 W. Madison, Ste. 1500, Chicago, IL 60402

Name of person to receive Citation: Bank of America

NOTICE: The court has issued a citation against the person named above. The citation directs that person to answer interrogatories and provide documents at Goodman Tovrov Hardy & Johnson LLC, 105 West Madison St., Ste. 1500, Chicago, IL 60602 on June 26, 2015 at 10 am for the purpose of allowing the judgment creditor to discover income and assets belonging to the judgment debtor or in which the judgment debtor has an interest. The citation was issued on the basis of a judgment against the judgment debtor and in favor of the judgment creditor in the amount stated above. On or after the date stated above, the court may compel the application of any discovered income or assets toward payment on the judgment.

The amount of income or assets that may be applied toward the judgment is limited by federal and Illinois law.
THE JUDGMENT DEBTOR HAS THE RIGHT TO ASSERT STATUTORY EXEMPTIONS AGAINST CERTAIN INCOME OR ASSETS OF THE JUDGMENT DEBTOR WHICH MAY NOT BE USED TO SATISFY THE JUDGMENT IN THE AMOUNT STATED ABOVE.

(1) Under Illinois or federal law, the exemption of personal property owned by the debtor includes the debtor's
equity interest, not to exceed $4,000 in value, in any personal property as chosen by the debtor, including money
in a bank account.
(2) Social Security and SSI benefits;
(3) Public assistance benefits;
(4) Unemployment compensation benefits;
(5) Worker's compensation benefits;
(6) Veteran's benefits;
(7) Circuit breaker property tax relief benefits;
(8) The debtor's equity interest, not to exceed $2,400 in value, in any one motor vehicle;
(9) The debtor's equity interest, not to exceed $1,500 in value, in any implements, professional books, or tools of the trade of the debtor;
(10) Under Illinois law every person is entitled to an estate in homestead, when it is owned and occupied as a residence, to the extent in value of $15,000, which homestead is exempt from judgment.
(11) Under Illinois law, the amount of wages that may be applied toward a judgment is limited to the lesser of (i)
15% of gross weekly wages or (ii) the amount by which disposable earnings for a week exceed the total
of 45 times the greater of the state or federal minimum hourly wage.
(12) Under federal law, the amount of wages that may be applied toward a judgment is limited to the lesser of (i) 25% of disposable earnings for a week or (ii) the amount by which disposable earnings for a week exceed 30 times the federal minimum hourly wage.
(13) Pension and retirement benefits (including IRA accounts) and refunds may be claimed as exempt under Illinois law.
The judgment debtor may have other possible exemptions under the law.
THE JUDGMENT DEBTOR HAS THE RIGHT AT THE CITATION HEARING TO DECLARE EXEMPT CERTAIN INCOME OR ASSETS OR BOTH.

## CERTIFICATION OF MAILING BY ATTORNEY FOR JUDGMENT CREDITOR

Under penalties as provided by law pursuant to 28 U.S. Code § 1746, the undersigned declares under penalty of perjury that s/he will mail by regular first-class mail a copy of the citation notice and this citation to defendant at the address shown above upon filing of the citation or within three business days of service if served upon Third Party Respondent.

_/s/ Wesley E. Johnson_
Wesley E. Johnson

Executed on 6/4/2015

Wesley E. Johnson
Goodman Tovrov Hardy & Johnson LLC
105 W. Madison, Ste. 1500
Chicago, IL 60402
(312) 752-4828
wjohnson@goodtov.com

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| CHAPMAN ASSOCIATES GENERAL BUSINESS, INC., | ) |  |  |
|---|---|---|---|
|  | ) |  |  |
| Plaintiff, | ) | Case No.: | 12-2302 |
|  | ) |  |  |
| v. | ) |  |  |
|  | ) |  |  |
| INTEGRATED FREIGHT CORPORATION, | ) | Hon. Robert M. Dow |  |
|  | ) |  |  |
| Defendant. | ) |  |  |

CITATION TO DISCOVER ASSETS TO THIRD PARTY

TO: Bank of America
105 W. Madison, Ste. 101
Chicago, IL 60602

You are required to provide your answers on the form attached as Exhibit A, and produce documents responsive to Exhibit B of this citation by June 30, 2015 at Goodman Tovrov Hardy & Johnson LLC, 105 West Madison St., Ste. 1500, Chicago, IL 60602 at 10 am.

A judgment in favor of Plaintiff Chapman Associates General Business, Inc. and against Integrated Freight Corporation was entered on June 5, 2012 in the amount of $835,907.91 in this Court under case No. 12-2302 and $804,271.35 remains unsatisfied. A copy of the Judgment is attached as Exhibit C. The judgment calculation is attached as Exhibit D.

There is now due, less credit and off-set, sum of $804,271.35 (Judgment Balance). Further sums may become due as costs and interest accrue.

Your answer will inform the Court as to property you may hold belonging to Integrated Freight Corporation (Judgment Debtor).

You are PROHIBITED from making or allowing any transfer or other disposition of, or interfering with, any property not exempt from the enforcement of a judgment, a deduction order or garnishment, property

belonging to the judgment debtor or to which s/he may be entitled or which may thereafter be acquired by or become due to him or her, and from paying over or otherwise disposing of any moneys not so exempt, which are due to the judgment debtor. This prohibition shall remain in effect until further order of court or termination of the proceeding. You are not required to withhold the payment of any monies beyond double the amount of the total sum due the judgment creditor.

If the account consists solely of funds that can be identified as exempt under federal or state law, you are PROHIBITED from FREEZING THE ACCOUNT and YOU MUST RESPOND that the account consists solely of exempt funds. Deposited funds that are exempt under federal and state law include Social Security, SSI, veteran's benefits, Railroad Retirement benefits, public assistance benefits, unemployment compensation benefits and/or circuit breaker property tax relief benefits.

WARNING: YOUR FAILURE TO COMPLY WITH THE CITATION PROCEEDING MAY RESULT IN A JUDGMENT BEING ENTERED AGAINST YOU FOR THE UNSATISFIED AMOUNT OF THIS JUDGMENT. 735 ILCS 5/2-1402(f)(1).

WARNING: YOUR FAILURE TO APPEAR IN COURT OR FILE YOUR ANSWER AS DIRECTED MAY CAUSE YOU TO BE ARRESTED AND BROUGHT BEFORE THE COURT TO ANSWER TO A CHARGE OF CONTEMPT OF COURT, WHICH MAY BE PUNISHABLE BY IMPRISONMENT.

CERTIFICATION BY ATTORNEY FOR JUDGMENT CREDITOR
Under penalties as provided by law pursuant to 28 U.S. Code § 1746, the undersigned certifies that the above information regarding the amount of the judgment, the date of the judgment, or its revival date, the balance due thereon, the name of the court and the number of the case is true and correct.

_____
Wesley E. Johnson

Wesley E. Johnson
Goodman Tovrov Hardy & Johnson LLC
105 W. Madison, Ste. 1500
Chicago, IL 60402
(312) 752-4828
wjohnson@goodtov.com

THOMAS G. BRUTON
_____
Clerk of Court

_____
Deputy Clerk

JUN 0 4 2015
_____
Date

# EXHIBIT A

## ANSWER OF THIRD PARTY RESPONDENT CITATION

Citation/Respondent: Bank of America.
Due Date: June 26, 2015.
Defendant's Name: Integrated Freight Corporation.
Case No. **12-2302, N.D. Ill.** Judgment Balance: **$804,271.35**
**This is a Citation: Freeze up to double the Judgment Balance**

### INTERROGATORIES

1. On the date of service of the citation, did you have in your possession, custody or control any personal property or monies belonging to the judgment debtor? If the answer is "yes" go to the next question. If "no", go to the instructions.

2. Is any of the money in an IRA account? Or have all of the deposits made during the past 90 days been electronically deposited and identified as exempt Social Security, Unemployment Compensation, Public Assistance, Veteran's Benefits, Pension or Retirement or by a source drawing from any other statutory exemptions? If the answer is "yes" go to the next question. If "no", go to the instructions.

3. Is/Are the account(s)' current balance(s) equal to or less than the total of the exempt deposits? If you answered "yes" to all three (3) questions and funds in the account(s) are exempt, do not freeze the funds. Go to the "instructions" below.

4.  |                              | Account Balance | Amount Withheld |
    |------------------------------|-----------------|-----------------|
    | A. Savings Account           | $_____          | $_____          |
    | B. Check/MMA/Now Account     | $_____          | $_____          |
    | C. Certificate of Deposit    | $_____          | $_____          |
    | D. Trust Account/Other (Describe) | $_____     | $_____          |

    E. Safety Deposit ___Yes ___No
    F. Land Trust No._____
    G. Less Right of Offset for Loans:           $_____

    Total Amount Frozen:                          $_____
    (Attach additional sheets as needed.)

5. List all electronic deposits into account(s) and their source(s) except deposits:

    | Account No. | Source | Monthly Amount |
    |-------------|--------|----------------|
    | _____     | _____ | $_____        |
    | _____     | _____ | $_____        |
    | _____     | _____ | $_____        |

(Attach additional sheets as needed.)

6. List all joint account holders or adverse claimants:
   Name _____
   Address _____ _____
   Account Information: Type: __Checking __CD Savings
   Account Number: _____

   Name _____
   Address _____ _____
   Account Information: Type: __Checking __CD Savings
   Account Number: _____

   Name _____
   Address _____ _____
   Account Information: Type: __Checking __CD Savings
   Account Number: _____

(Attach additional sheets as needed.)

INSTRUCTIONS (1.) Fill out and sign the certification below. (2.) This Answer must be filed at least three (3) days before the due date to assure timely processing. (3.) Fax or mail a copy of this Answer to (i) the Court, (ii) Plaintiff's attorney and (iii) Judgment Debtor. You may mail to the Clerk of the Court, Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, IL 60604 (4.) You will receive a copy of a Court Order by fax or mail instructing you how to proceed and where to send any withheld funds.

**Pursuant to 28 U.S. Code § 1746, I declare under penalty of perjury that the foregoing is true and correct.**

        **Print name:** _____

        **Signature:** _____
        **Citation Respondent/Agent of Citation Respondent**

        **Executed on:** _____

# EXHIBIT B

## Citation Rider

## DOCUMENT REQUESTS

1. Judgment Debtor's bank statements for the past two years for all accounts, whether open or closed.

2. Judgment Debtor's cancelled checks for the past two years for all accounts, whether open or closed.

3. Documents reflecting any liens, garnishments, or secured interests in any of the Judgment Debtor's accounts.

4. Documents reflecting any mortgages or other interest in any of the Judgment Debtor's real property

5. Documents relating to any loans to the Judgment Debtor.

# EXHIBIT C
# JUDGMENT

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHAPMAN ASSOCIATES GENERAL BUSINESS, INC., <br><br> Plaintiff, <br><br> v. <br><br> INTEGRATED FREIGHT CORPORATION, <br><br> Defendant. | Case No.: 12-2302 <br><br> Assigned Judge: Robert M. Dow <br><br> Magistrate Judge: Sheila M. Finnegan |

## JUDGMENT BY DEFAULT AGAINST INTEGRATED FREIGHT CORPORATION

Upon the Plaintiff's Motion for Entry of Default Judgment (the "Motion") filed by Chapman Associates General Business, Inc. (the "Plaintiff"); and the Court finding that (a) due and proper notice of the Motion has been given and that no other or further notice thereof is required, (b) Integrated Freight Corporation (the "Defendant") is in default having failed to answer or otherwise plead to the complaint filed in this adversary proceeding, and (c) that good cause exists to grant the relief requested in the Motion, IT IS HEREBY ORDERED THAT:

Judgment is hereby entered in favor of the Plaintiff and against the Defendant in the amount of $835,907.91.

Dated: 6-5-12

HONORABLE ROBERT M. DOW
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

# EXHIBIT D

# JUDGMENT CALCULATION

Judgment date: June 5, 2012

Judgment amount: $835,907.91

Federal interest rate for judgment rendered on that date: .19%

Interest between June 5, 2012 and May 1, 2015: $4,608.03

Payment on May 1, 2015 (15mm shares of stock at $.0021 per share): $31,500.00

Balance as of May 1, 2015: $809,015.94

Interest from May 1, 2015 to May 4, 2015: $16.85.

Payment on May 4, 2015: $5,000

Balance as of May 4, 2015: $804,032.78

Interest from May 4, 2015 to June 30, 2015: $238.57

**Balance: $804,271.35**